## UNITED STATES v. DARMER.

(District Court, W. D. Washington, S. D. May 10, 1918.)

No. 82–E.

ALIENS ☞71½, New, vol. 7 Key-No. Series—NATURALIZATION—SUIT TO CANCEL CERTIFICATE.

A petition for cancellation of the certificate of citizenship of a former German subject, on the ground that he made a false oath of allegiance, and of renunciation of all allegiance to Germany and the German emperor, *held* sufficient on motion to dismiss, where it alleged that defendant, when asked to buy a Liberty Bond, emphatically refused on the ground that he was of German descent, and made other statements indicating allegiance and loyalty to Germany, rather than to the United States.

In Equity. Suit by the United States against Carl August Darmer. On motion to dismiss petition. Denied.

Geo. P. Fishburne, Asst. U. S. Atty., of Tacoma, Wash.

W. L. Sachse, J. J. Anderson, and Gordon & Easterday, all of Tacoma, Wash., for defendant.

CUSHMAN, District Judge. The petition of the United States district attorney prays the cancellation of defendant's certificate of citizenship, secured in a proceeding in the court of Washington Territory in 1888. The petition alleges fraud in its procurement, in that:

"Contrary to the spirit and letter of said section 2165, R. S. of the United States, the said Carl August Darmer, being the petitioner in the aforesaid proceeding for naturalization, for the purpose of becoming naturalized as a citizen of the United States of America, did fraudulently and illegally procure said certificate of citizenship, in that

"(a) Section 2 of section 2165, R. S. of the United States, provides that applicant shall, at the time of making his application to be admitted, declare on oath before the court before which he is being admitted that he absolutely and entirely renounces and abjures all allegiance and fidelity to every foreign prince, potentate, state, or sovereignty, and particularly by name to the prince, potentate, state, or sovereignty to which he was before a citizen or subject. And that, pursuant to said provision, the above-named defendant took oath as required, and absolutely and entirely renounced and abjured all allegiance and fidelity to Germany, and particularly William II, German emperor, of whom he was before a subject, and that as a matter of fact he did not absolutely and entirely renounce and abjure his allegiance and fidelity to Germany and to William II, German emperor, but there was a mental reservation, and at the time of the taking of the oath he was loyal to and retained his allegiance and fidelity to Germany and to William II, the German emperor, and never intended to renounce his allegiance to Germany and to William II, the German emperor.

"(b) That during the Second Liberty Loan drive, on or about October 17, 1917, a committee of three called on C. A. Darmer, at Tacoma, Wash., and one of the committee asked Darmer to buy a Liberty Bond, or more than one Liberty Bond, and that Darmer immediately told the committee that he was of German descent, and that, if he bought any Liberty Bonds it would be the same as kicking his own mother, and refused to buy a Liberty Bond on that ground; and when the committee called his attention to the attitude taken by Germany, and the things done by Germans to American citizens, said Darmer said he didn't believe a word of it, and he further said that

he would rather throw all his property into the bay than buy one $50 Liberty Bond. That on account of the foregoing words and conduct, and similar acts and conduct occurring on various other occasions within the last year, defendant has violated his oath of allegiance, and on account of all the matters hereinabove set forth his certificate of citizenship and order granting same should be set aside and canceled."

The defendant has moved to dismiss the proceeding. The allegations set out above, in subsection (b), are, in substance, those of the affidavit made under section 15 of the act of 1906 (Act June 29, 1906, c. 3592, 34 Stat. 601 [Comp. St. 1916, § 4374]), which, if sufficient to show "good cause therefor," required the district attorney to institute the proceeding.

It is not fitting upon this motion to consider any possible explanation of the expressions attributed to the defendant. The language charged to have been used by him, standing by itself, tends to show loyalty and allegiance to Germany, rather than to the United States. Such positive expressions of alien allegiance repeatedly made during a year's time, uncontradicted and unexplained, give rise to a presumption of some continuity and duration of existence. Whether the feeling expressed existed in a stronger or weaker state, or not at all, in 1888, cannot be determined merely from the allegations of the complaint. Evidence alone can establish that; but, as attachments generally are weakened by length of time and absence from the cherished object, the contention that it is more likely that it was stronger then than now cannot be said, in the absence of explanation, to be altogether unreasonable.

The showing of the affidavit is held sufficient to warrant the district attorney, in the exercise of his discretion, in bringing the suit. The allegations charging defendant with falsely taking an oath renouncing his allegiance to Germany and its emperor, by means of which false oath defendant secured his certificate of naturalization, are sufficient as against a demurrer or motion to dismiss. Luria v. United States, 231 U. S. 9, 34 Sup. Ct. 10, 58 L. Ed. 101.

The motion to dismiss is denied.